739 A.2d 1033

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Wesley MORGAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 16, 1998.

Decided Oct. 1, 1999.

Timothy Paul Dawson, Adamsburg, for Wesley Morgan.

John Peck, Wayne B. Gongaware, Greensburg, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

We granted allocatur in this case to determine whether the trial court erred in ruling that the Commonwealth would be allowed to cross-examine defense character witnesses about their knowledge of allegations that Appellant Wesley Morgan had molested other children in the 1970s. For the reasons discussed below, we find that the trial court erred and accordingly, reverse.

On March 17, 1994, Appellant was charged with involuntary deviate sexual intercourse, indecent assault, indecent exposure and related offenses. The charges arose from Appellant's sexual attacks against a young girl whom he had babysat.

Prior to trial, the Commonwealth notified Appellant's counsel that it had two witnesses who were prepared to testify by way of rebuttal that Appellant had sexually molested them in the 1970s. Appellant had never been arrested or charged on the basis of these witnesses' allegations.[1] Fearing that the Commonwealth would use this information during its cross-examination of his character witnesses, Appellant made a pretrial motion in limine seeking to preclude the Commonwealth from cross-examining his character witnesses about their knowledge of these allegations of prior instances of sexual molestation.

The trial court denied Appellant's motion, ruling that the proposed defense character witnesses would be subject to cross-examination about their knowledge of such allegations.[2]

---

**1.** In fact, there is no indication in the record that these witnesses' even reported these allegations to the police until sometime after the instant charges had been filed against Appellant. See N.T., 6/13–18/96, at 4 ("when [one of the witnesses]—or sometime subsequent to the initiation of charges in this case, came forward to the Manor Police, and said, in effect, Wesley Morgan did this to me when I was a child").

**2.** Specifically, the trial court ruled that the Commonwealth could fairly ask defense character witnesses called to testify as to Appellant's reputation for good moral character and for chastity if they were

As a result of this ruling, Appellant's counsel decided not to call character witnesses during Appellant's jury trial. Following the trial, the jury found Appellant guilty of all charges. The court sentenced Appellant to a term of imprisonment of five to ten years on the involuntary deviate sexual intercourse count as well as concurrent terms of one to two years incarceration each on the indecent assault and the indecent exposure counts. On appeal, the Superior Court affirmed Appellant's judgment of sentence, finding that the trial court had not erred in ruling that Appellant's proposed character witnesses would properly be subject to cross-examination regarding the allegations of Appellant's prior criminal misconduct. Appellant filed a Petition for Allowance of Appeal. We granted allocatur, limited to the issue of whether questions pertaining to allegations of a defendant's prior criminal acts are within the permissible scope of the cross-examination of character witnesses.

 The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *Commonwealth v. Nolen*, 535 Pa. 77, 82, 634 A.2d 192, 195 (1993). Where a character witness has testified as to a relevant trait of the defendant's good character, that witness may be impeached, on credibility grounds, just like any other witness. *Commonwealth v. Scott*, 496 Pa. 188, 193, 436 A.2d 607, 610 (1981); *Commonwealth v. Adams*, 426 Pa.Super. 332, 334–36, 626 A.2d 1231, 1233 (1993). While a character witness can be subjected to cross-examination, it is the scope of that cross-examination which has been a troublesome area for courts, commentators and the profession. *Scott*, 496 Pa. at 193, 436 A.2d at 610.

Here, Appellant's claim raises this issue of the proper scope of the cross-examination of a character witness. Appellant argues that the trial court's ruling, allowing the Commonwealth to cross-examine his character witnesses about allegations that he had molested other children some fifteen to twenty years prior to the criminal conduct at issue, was

"aware that there are accusations in the community ... that [Appellant] had committed acts like this previously." N.T., 6/13/96, at 13.

unduly prejudicial and conflicts with this Court's decision in *Commonwealth v. Scott,* 496 Pa. 188, 436 A.2d 607 (1981). We agree.

In *Scott,* this Court held that the trial court erred in ruling that the defendant's proposed character witnesses could be cross-examined about their knowledge of the defendant's two prior arrests, neither of which had led to a conviction. *Id.* at 196, 436 A.2d at 611. In so holding, this Court reasoned that since an arrest is equally consistent with either guilt or innocence, cross-examining a character witness on those arrests, which do not carry the conclusive determination of guilt by conviction, should not be permitted. *Id.* at 197, 436 A.2d at 612. The Court stated:

> Despite any cautionary instruction the court may have given the jury, the undue prejudice to appellant is obvious. On one hand, the jury would have heard that appellant had a reputation for being peaceful while on the other hand, the jury would also have heard that appellant had been arrested on two charges. Had appellant been convicted of the charges, it would be easier to say that he must suffer the consequences of placing his character at issue. But instantly, the arrests which would have been alluded to never resulted in convictions. Since an arrest is equally consistent with either guilt or innocence, the cases allowing such cross-examination are overruled.

*Scott,* 496 Pa. at 196–97, 436 A.2d at 611–12.

In light of *Scott,* we must agree with Appellant that the Commonwealth should not have been allowed to cross-examine his proposed character witnesses about the alleged prior offenses at issue since they were mere allegations which had not led to an arrest, much less a conviction. Indeed, it would be nothing short of illogical to preclude the Commonwealth from cross-examining defense character witnesses about a defendant's prior arrests yet allow it to cross-examine such witnesses about allegations of a defendant's prior criminal misconduct which had never resulted in an arrest. *See also Commonwealth v. Vander Weele,* 356 Pa.Super. 152, 156–58,

514 A.2d 189, 192 (1986) (quoting *Commonwealth v. Fawcett,* 297 Pa.Super. 379, 384–86, 443 A.2d 1172, 1175 (1982)) (*Scott* decision "cast a cloud of doubt on the right to cross-examine a character witness concerning any and all prior, relevant offenses absent a conviction therefor"); *Commonwealth v. Beasley,* 544 Pa. 554, 568, 678 A.2d 773, 780 (1996) (*Scott* limited cross-examination for impeachment of character witnesses to convictions rather than arrests). Clearly, mere allegations of misconduct, like arrests, are "consistent with either guilt or innocence" and certainly do not carry the conclusive determination of guilt by conviction. Therefore, under the rationale employed by *Scott,* we find that allowing character witnesses to be cross-examined as to their awareness of allegations that the defendant has previously engaged in criminal acts is unduly prejudicial to a defendant.

The Superior Court did not address *Scott* in its decision below.[3] Rather, in finding that the trial court's ruling in the instant matter was not in error, the Superior Court summarily relied on a statement from this Court's decision in *Commonwealth v. Smith,* 539 Pa. 128, 650 A.2d 863 (1994). There, this Court repeated the principle that:

> although evidence of good character may not be rebutted by evidence of specific acts of misconduct, a character witness may be cross-examined regarding his knowledge of particular acts of misconduct by the defendant to test the accuracy of his testimony and the standard by which he measures reputation.

*Smith,* 539 Pa. 128, 135, 650 A.2d 863, 866 (1994) (quoting *Commonwealth v. Peterkin,* 511 Pa. 299, 513 A.2d 373 (1986)); *see also Commonwealth v. Jenkins,* 413 Pa. 606, 607, 198 A.2d 497, 498 (1964) (although cross-examination aimed at establishing a defendant's particular acts of misconduct is improper, character witnesses may be asked whether they have heard persons in the neighborhood attribute particular offenses to defendant); *Commonwealth v. Zimmerman,* 143 Pa.Super.

---

**3.** Likewise, the Commonwealth does not address *Scott* in its brief to this Court and makes no attempt to argue how the reasoning in *Scott* is not applicable to the instant matter.

331, 337–38, 17 A.2d 714, 718 (1941) (citing *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351 (1937) (although defense character witnesses may not be cross-examined as to the substantive fact of specific offenses of the defendant, they may be cross-examined as to their knowledge of a rumor of such prior misconduct by defendant)).[4]

In practice, however, there can be no meaningful distinction between the two. Asking character witnesses whether or not they have "heard" allegations of a defendant's prior bad acts is effectively akin to introducing extrinsic evidence of a defendant's specific acts of misconduct. It merely appears to be a way for the prosecutor to get in through the back door that which the law precludes him or her from getting in through the front. As artfully stated in *Wigmore on Evidence*,

> ... [P]ractically, the above distinction—between rumors of such conduct, as affecting reputation, and the fact of it as violating the rule against [impeachment by extrinsic testimony of particular acts of misconduct]—cannot be maintained in the mind of the jury. The rumor of the misconduct, when admitted, goes far, in spite of all theory and of the judge's charge, towards fixing the misconduct as a fact upon the other person, and thus does three improper things,—(1) it violates the fundamental rule of fairness that prohibits the use of such facts, (2) it gets at them by hearsay only, and not by trustworthy testimony, and (3) it leaves the other person no means of defending himself by

---

4. This Court has elaborated on the permissible scope of this form of cross-examination, stating:

> A distinction is drawn between cases where [the cross-examination] is sought to prove particular acts of misconduct and those where the purpose of the examination is to test the accuracy of the testimony by showing either that the witness is not familiar with the reputation concerning which he has testified or that his standard of what constitutes good repute is unsound.... Where the record discloses that the actual purpose of such cross-examination was to show that the defendant had committed a specific crime of which he is not now accused, and not to test the credibility of the character witness, it will be held improper if it tends to prejudice the accused. The problem in each case is to determine whether the inquiry at cross-examination is directed to the witnesses' hearing of the rumor, or is directed toward the substantive fact of the defendant's misconduct.

*Commonwealth v. Becker*, 326 Pa. 105, 114–15, 191 A. 351, 356 (1937).

denial or explanation, such as he would otherwise have had if the rule had allowed that conduct to be made the subject of an issue. Moreover, these are not occurrences of possibility, but of daily practice. This method of inquiry or cross-examination is frequently resorted to by counsel for the very purpose of injuring by indirection a character which they are forbidden directly to attack in that way; they rely upon the mere putting of the question (not caring that it is answered negatively) to convey their covert insinuation. The value of the inquiry for testing purposes is often so small and the opportunities of its abuse by underhand ways are so great that the practice may amount to little more than a mere subterfuge....

*Wigmore on Evidence*, Vol. III, sec. 988, p. 920–21; *Commonwealth v. Selkow*, 206 Pa.Super. 273, 275–78, 212 A.2d 919, 920–21 (1965); *see also Scott*, 496 Pa. at 196, 436 A.2d at 611(quoting *McCormick on Evidence*, s 191, at 451 (2d Ed.1972) ("rule permitting the cross-examiner to ask the character witness whether he 'has heard' ... of other particular crimes of accused involving the same trait is pregnant with possibilities of destructive prejudice")).

Given these observations, and to be consistent with our decision in *Scott*, we find that the trial court abused its discretion in ruling that the Commonwealth was entitled to cross-examine Appellant's proposed character witnesses about their knowledge of allegations in the community that Appellant had previously committed offenses similar to the ones at issue. Moreover, we find that this error was not harmless. It is well established that character evidence alone may be sufficient to raise a reasonable doubt and thus justify an acquittal of the charges. *Scott*, 496 Pa. at 195 n. 1, 436 A.2d at 611 n. 1; *Commonwealth v. Cleary*, 135 Pa. 64, 82–83, 19 A. 1017, 1018 (1890). In *Commonwealth v. Weiss*, this Court stated that:

where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance and character evidence is critical to the jury's determination of credibility. Evidence of good character is substantive, not mere

makeweight evidence, and may, in and of itself, create a reasonable doubt of guilt, and thus require a verdict of not guilty.

*Weiss*, 530 Pa. 1, 6, 606 A.2d 439, 442 (1992) (citing *Commonwealth v. Neely*, 522 Pa. 236, 561 A.2d 1 (1989)).

Here, the prosecution of Appellant was based upon the credibility of witnesses.[5] There was no medical evidence presented nor any eyewitnesses to the offenses Appellant had been charged with. Thus, we conclude that the trial court's ruling, which resulted in Appellant's decision not to call character witnesses, amounted to reversible error. *See Commonwealth v. Farrior*, 312 Pa.Super. 408, 422–23, 458 A.2d 1356, 1364 (1983) (trial court's ruling resulting in defendant's decision not to call character witnesses was not harmless since character evidence, if believed by jury, may have created reasonable doubt as to defendant's guilt for crime charged).[6] Accordingly, the Order of the Superior Court is reversed and the matter is remanded for a new trial. Jurisdiction relinquished.

Justice CAPPY concurs in the result. Justice SAYLOR files a dissenting opinion in which Justice NEWMAN joins.

SAYLOR, Justice, dissenting.

I respectfully differ with the majority's conclusion that a character witness cannot be cross-examined regarding a defendant's specific instances of misconduct. Although character witnesses may not be questioned as to an arrest that did not lead to conviction, *see Commonwealth v. Scott*, 496 Pa. 188, 197, 436 A.2d 607, 612 (1981), in my view, this limitation stems

---

5. At Appellant's trial, both the victim and Appellant testified.

6. Appellant also argues that the alleged prior criminal acts were too remote in time to be the proper subject of impeachment. *See Commonwealth v. Hammond*, 308 Pa.Super. 139, 149–50, 454 A.2d 60, 65 (1982) (remoteness of 14 year-old conviction may outweigh its effectiveness as tool of impeaching character witnesses and may have served only to prejudice defendant). However, given our disposition of the issue, barring the cross-examination of character witnesses on allegations of a defendant's prior criminal acts regardless of their age, we need not address Appellant's remoteness argument.

from the credence that an arrest lends to an accusation of misconduct. This Court has held, however, that a character witness may be cross-examined on specific instances of conduct probative of the character trait at issue. *See Commonwealth v. Gibson*, 547 Pa. 71, 100–01, 688 A.2d 1152, 1167 (1997); *Commonwealth v. Becker*, 326 Pa. 105, 116, 191 A. 351, 353 (1937). Indeed, Rule 405(a) of the Pennsylvania Rules of Evidence reflects this precedent in providing:

> On cross-examination of a reputation witness, inquiry is allowable into specific instances of conduct probative of the character trait in question, except that in criminal cases inquiry into arrests of the accused not resulting in convictions is not permissible.

*See* Pa.R.E. 405(a).[1] Notably, a similar provision exists in Federal Rule of Evidence 405(a), which has been interpreted to permit cross-examination pertaining to specific instances of misconduct probative of the character trait placed in issue. *See United States v. Glass*, 709 F.2d 669, 673 (11th Cir.1983); *United States v. Apfelbaum*, 621 F.2d 62, 65 (3rd Cir.1980).

I recognize the difficulty, discussed in the majority opinion, of distinguishing between allusion to prior wrongful conduct in order to directly rebut the evidence concerning the defendant's good character, and reference to such conduct to test the accuracy of the character witness testimony and the standard by which the witness measures reputation. Nevertheless, I find our present system of vesting control over reference to prior misconduct within the discretion of the trial court, subject to appellate review for an abuse of such discretion, preferable to a *per se* rule of preclusion. In this regard, I note that the defendant has a degree of control over the extent to which his character is placed at issue in the first instance.

It may well be, as Appellant argues, that the proposed examination by the Commonwealth would have been improper

---

1. In conducting such an examination, the prosecutor must have a reasonable basis for the questions asked. *See* Pa.R.E. 405 Comment (citing *Commonwealth v. Adams*, 426 Pa.Super. 332, 626 A.2d 1231 (1993)).

258

due to the remoteness of the prior conduct. *See generally Commonwealth v. Hammond,* 308 Pa.Super. 139, 150, 454 A.2d 60, 65 (1982). However, because Appellant failed to make an offer of proof identifying the proposed character witnesses and describing their respective testimony (including the length of their association with Appellant), there is no basis in this record upon which to make such a determination.

Justice NEWMAN joins this Dissenting Opinion.