J-S19014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN MCELVANEY | |
| Appellant | No. 1633 EDA 2014 |

Appeal from the Judgment of Sentence entered April 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014085-2013

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 10, 2015**

Appellant, Brian McElvaney, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County entered April 30, 2014. On appeal, Appellant challenges an evidentiary ruling. Specifically, Appellant argues the trial court committed a reversible error in allowing the Commonwealth to ask a rebuttal witness about Appellant's prior conduct that did not result in a conviction. We affirm.

The facts and procedural history of the case can be summarized as follows. Appellant was charged with aggravated assault, simple assault, and recklessly endangering another person (REAP), following a physical argument Appellant had with his former fiancée, Michelle Soda. After Appellant waived his right to a jury trial, the trial court found him guilty of

simple assault,[1] and sentenced him to 18 months' probation.[2]  This timely appeal followed.

On appeal, Appellant raises the following issue for our review:

Did the trial court commit an abuse of discretion as well as an error of law and deprive Appellant of a fair trial by permitting the Commonwealth to rebut Appellant's evidence of good character with specific instances of misconduct given that the evidence was hearsay and violated the rule holding that that it is improper to rebut character evidence with evidence of specific bad acts?

Appellant's Brief at 2.

Specifically, Appellant argues the trial court erred in allowing the Commonwealth to question a rebuttal character witness on Appellant's criminal conduct that did not result in a conviction.  The following exchange is at issue here:

[**Commonwealth**]: Ms. [Cindy] Soda, what have you heard about [Appellant] with respect to his character for law abiding and peaceful.

[**Defense Counsel**]: Objection; calls for hearsay, Your Honor. That is what is improper response to what I have presented on

_____

[1] "[A] person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon; (3) [or] attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S.A. § 2701(a).  Bodily injury is defined as "[i]mpairment of physical condition or substantial pain," 18 Pa.C.S.A. § 2301, and serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.*

[2] The REAP charge was *nolle prossed*.  N.T. Trial, 4/30/14, at 13.

the record today. So to hear anything specifically about what other people said is hearsay and it is not proper response.

[**Court**]: I'll allow it.

**Witness**: I heard that he fought a lot as a kid, and there were certain instances where he had people that worked for him and that he would withhold money from them and didn't want to pay them. There was this one time the guy had come to the house for money. I had just met [Appellant], so I thought [Appellant] was in the good.

[**Defense Counsel**]: Objection.

[**Court**]: Overruled.

[**Commonwealth**]: Is there anything else?

[**Witness**]: No.

[**Court**]: Any questions?

[**Defense Counsel**]: No.

[**Court**]: Ma'am, you can step down.

N.T. Trial, 4/30/14, at 114-15.

In support of his argument that the trial court erred in allowing the Commonwealth to ask, and the witness to respond, about Appellant's prior conduct, Appellant relies on **Commonwealth v. Morgan**, 739 A.2d 1033 (Pa. 1999) (witnesses may not be cross-examined concerning crimes that did not result in conviction), and **Commonwealth v. Busanet**, 817 A.2d 1060 (Pa. 2002) (evidence of good character may not be rebutted by specific acts of misconduct). Upon review, we conclude Appellant is not entitled to relief.

In reviewing the trial court's ruling, we apply the following standards:

It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion. Thus, the Superior Court may reverse an evidentiary ruling only upon a showing that the trial court abused that discretion. A determination that a trial court abused its discretion in making an evidentiary ruling may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Further, discretion is abused when the law is either overridden or misapplied.

*Commonwealth v. Hoover*, *J.L.*, 107 A.3d 723, 729 (Pa. 2014) (citations and internal quotation marks omitted).

Regarding the specific matter at issue here, we have held:

In a criminal case, the accused may offer witnesses to testify to the accused's relevant character traits. Pa.R.E. 404(a)(1). The Commonwealth may, of course, attempt to impeach those witnesses. [*Morgan*, 739 A.2d at 1035]. For example, when cross examining character witnesses offered by the accused, the Commonwealth may test the witnesses' knowledge about specific instances of conduct of the accused where those instances are probative of the traits in question. Pa.R.E. 405(a). However, the Commonwealth may not question the witnesses about allegations of other criminal misconduct by the accused where those allegations did not result in a conviction. *Morgan*, 739 A.2d at 1035-36 (holding it is improper to cross examine character witnesses with respect to their knowledge of uncharged criminal allegations against defendant); *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607, 611-12 (1981) (holding it is improper to cross examine character witnesses with respect to their knowledge of defendant's arrests not leading to convictions); Pa.R.E. 405(a).

*Commonwealth v. Hoover*, *J.*, 16 A.3d 1148, 1149-50 (Pa. Super. 2011).

First, we note that Appellant waived the issue raised on appeal because he failed to raise it before the trial court. At the time of trial, as noted above, Appellant challenged the testimony at issue here on hearsay grounds. On appeal, Appellant argues the testimony was inadmissible because it violated **Morgan**, **Busanet**, and Pa.R.E. 405.[3] The issue raised on appeal, however, is different from the one raised before the trial court, and it cannot be deemed fairly comprised in the latter.[4] Because Appellant failed to preserve it for appellate review, we conclude it is waived. **See** Pa. R.A.P. 302; **see also Commonwealth v. Smith**, 985 A.2d 886, 904 (Pa.

_____

[3] Rule 405 reads as follows:

**Methods of Proving Character**

**(a) By Reputation.** When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation. Testimony about the witness's opinion as to the character or character trait of the person is not admissible.

(1) On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct probative of the character trait in question.

(2) In a criminal case, on cross-examination of a character witness, inquiry into allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible.

Pa.R.E. 405(a).

[4] Appellant raised the issue at bar here in his Rule 1925 statement. However, it is well-established that "a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." **Commonwealth v. Tejada**, 107 A.3d 788, 799 (Pa. Super. 2015).

2009) ("[It] is beyond cavil that if the ground upon which an objection is based is specifically stated, all other reasons for its exclusion are waived.") (citation and internal quotation marks omitted); *Commonwealth v. Thoeun Tha,* 64 A.3d 704, 713 (Pa. Super. 2013) ("[F]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.") (citation omitted).

Additionally, a review of the challenge actually raised by Appellant and the trial court's disposition of the same reveals that the trial court properly overruled the hearsay objection. As noted above, the Commonwealth asked its witness what she had heard about Appellant's character for being a law-abiding and peaceful citizen, to which the witness answered that she heard Appellant "fought a lot as a kid," and "would withhold money from" "people [who] worked for [Appellant]." N.T. Trial, 4/30/14, at 114-15. As noted, Appellant objected to this testimony on hearsay grounds. The trial court properly overruled the objection. Indeed, it is well-established that reputation evidence is admissible as an exception to the hearsay rule. *Commonwealth v. Zeger*, 165 A.2d 683, 686-87 (Pa. Super. 1960); Pa.R.E. 803(21).[5]

_____

[5] For purposes of hearsay, reputation concerning character "is reputation among a person's associates or in the community concerning the person's character." Pa.R.E. 803(21).

- 6 -

Even if we were to conclude the trial court erred in not sustaining Appellant's objection, as articulated on appeal, we would find the error to be harmless. In **Commonwealth v. Noel**, 104 A.3d 1156 (Pa. 2014), our Supreme Court held:

> The harmless error doctrine, as announced in **Chapman v. California**, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and adopted by this Court in **Commonwealth v. Story**, 476 Pa. 391, 383 A.2d 155 (1978), reflects the reality that the accused is entitled to a fair trial, not a perfect trial. **Commonwealth v. Rasheed**, 536 Pa. 567, 570–71, 640 A.2d 896, 898 (1994); **Commonwealth v. Norris**, 498 Pa. 308, 316–17, 446 A.2d 246, 250 (1982). "[A]n error may be harmless where the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." **Story**, 476 Pa. at 412-413, 383 A.2d at 166.

**Id.** at 1172.

Additionally, "[w]hen discussing harmless error, we have also stated that the Commonwealth can meet its burden of showing harmlessness by persuading us the error did not prejudice the appellant or did so to a *de minimis* extent[.]" **Hoover**, *J.*, 16 A.3d at 1150 (citation omitted).

Appellant argues the trial court erred in finding the error harmless because the trial court did not apply the proper standard for making such a determination *i.e.*, the trial court's stated error was harmless because the evidence was sufficient for conviction. Appellant's Brief at 14. While Appellant might be correct on this point, Appellant fails to appreciate that the decision on whether the error was harmless must be made by the

reviewing court, not the trial court. *See*, *e.g.*, *Commonwealth v. Mitchell*, 839 A.2d 202, 214-15 (Pa. 2003). Here, despite Appellant's allegation to the contrary, there is no indication that the trial court (acting as factfinder) relied on the allegedly inadmissible evidence. Therefore, it appears the error did not prejudice Appellant. Additionally, we find the evidence against Appellant overwhelming. The trial court, sitting as factfinder, found the following:

1. Michelle Soda and [Appellant] were engaged to be married for approximately on a year. Ms. Soda broke off relationship. After Ms. Soda called off the engagement, she remained in a romantic relationship with [Appellant] for approximately two months thereafter.

2. A[] physical altercation occurred between Ms. Soda and [Appellant] on October 20, 2013 at their home.

3. Ms. Soda came home that evening at about 8:00 p.m. and saw [Appellant] sleeping on the couch located on the first floor of their apartment.

4. Ms. Soda checked [Appellant]'s cell phone while he was asleep and noticed a series of suspicious texts and calls made to other women. She woke him up and confronted him about the texts and calls.

5. [Appellant] became irate and an argument ensued.

6. The argument then escalated into physicality and violence. After [Appellant] told Ms. Soda bluntly that the calls were not "any of her business," [Appellant] proceeded to push and shove Ms. Soda against the wall by her hands. He then picked up Ms. Soda and threw her across the hallway.

7. More specifically, he cradled Ms. Soda and acted as if he was going to body slam her over his leg. He picked her up over his shoulder and threw her approximately three or four feet into a wall.

8. They were standing just prior to that assault near a stairwell—[Appellant] threw her away from the stairwell.

9. Ms. Soda weighs 90 lbs and is four-ten and a half.

10. After Ms. Soda landed on the ground, the argument continued. [Appellant] continued to shout at Ms. Soda. He held Ms. Soda against the wall as he proceeded to yell at her.

11. Scared that the situation had gotten out of hand, Ms. Soda yelled for her daughter to call [9-1-1].

12. Ms. Soda went downstairs and things calmed down. Ms. Soda wrestled free of [Appellant] and called his parents. They live around the corner.

13. Five minutes later, they arrived at the house. Ms. Soda stayed in the bedroom until they showed up and answered the door when they arrived.

14. [Appellant]'s parents took the daughter out of the house and gave her to his sister, who was waiting in the car. This enraged [Appellant].

15. As Ms. Soda was standing there telling his parents about the altercation, [Appellant] shoved her in the shoulder. She flew back onto the ground.

16. At that time, [Appellant']s parents, [Appellant] and Ms. Soda were all standing upstairs in his bedroom arguing. [Appellant]'s parents tried to get him to come with them and leave the house. He refused.

17. Again, while standing near the stairwell, [Appellant] grabbed Ms. Soda and tried to push her down the stairs.

18. Ms. Soda held onto the wall of where the stairs were, at which point his mother came and attempted to stop him.

19. Eventually, Ms. Soda did fall down the stairs and could not hold on any longer. He did not throw her, but she lost her grip as he was pushing her.

20. She landed on her side at the bottom of the stairs.

21. While [Appellant]'s parents were present, Ms. Soda called [9-1-1].

22. [Appellant]'s parents indicated they were going to leave; however, Ms. Soda asked that they stay in the house and remain there with her. His mom said that she would spend the night. The parents slept in his daughter's bedroom and his room.

23. The police arrived hours later.

24. Ms. Soda did not answer the their knock, as she was . . . trying [not] to get her then[-]boyfriend in any trouble.

25. When she awoke the next day, she noticed a number of bruises and marks on her body.

26. That morning, Ms. Soda went to the police station at 8:00 or 8:30 a.m.

27. Ms. Soda's injuries included bruised palms and wrists, soreness in her elbow and some marks on her back.

Trial Court Opinion, 9/25/14, at 2-5 (citations to record omitted).

In light of the foregoing, we would conclude that the evidence of guilt is so overwhelming and the prejudicial effect of the error, if any, is so insignificant by comparison that it is clear beyond a reasonable doubt that the error, if any, could not have contributed to the verdict.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015