J-A10020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GUIPING ZHENG, | |
| Appellant | No. 533 WDA 2015 |

Appeal from the Judgment of Sentence February 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003431-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 11, 2016**

Guiping Zheng appeals from the judgment of sentence of fifteen to thirty months' incarceration followed by three years' probation, imposed February 2, 2015, following a jury trial resulting in his conviction for indecent assault, unlawful contact with a minor, endangering the welfare of children, and two counts of corruption of minors.[1]  We affirm.

The evidence adduced at the trial in this matter established that Appellant lay on top of the victim, E.S., fondled her over her clothing, and attempted to kiss her.  This conduct occurred frequently over the course of approximately four years, commencing when the victim was six years old.

---

[1] **See respectively** 18 Pa.C.S. §§ 3126(a)(7), 6318(a)(4), 4304(a)(1), 6301(a)(1)(i) and (ii).

Eventually, the victim revealed the ongoing abuse to her mother who reported Appellant's behavior.

At the trial, which commenced in July 2014, the Commonwealth presented testimony from the victim and her mother. Of relevance to this appeal, Appellant objected to a portion of the mother's testimony:

> [The Commonwealth]: What did you say back to [E.S.], when she disclosed to you?
>
> [Mother]: I tried to keep composed the best I could, because I knew she was watching me, like, [h]ow is mommy going to take this? It was like she was disclosing a secret to me. Not that she thought it was really wrong, but it was a secret. And so she was telling me about what was going on.
>
> [Attorney for Appellant]: I'm going to object to that part of the testimony. I think anything that this witness saw is clearly relevant.
>
> [Trial Court]: That this witness saw?
>
> [Attorney for Appellant]: The objection is what she is thinking or what she thought. Clearly what she is telling the jury about what happened is relevant.
>
> [Trial Court]: These are her personal observations of her daughter's demeanor, and I will allow that. Personal observations.

Notes of Testimony (N.T.), 07/17-21/2014, at 78-79.

Appellant testified on his own behalf, denying the allegations. Appellant also presented character witnesses. For example, neighbor Ning Jiang testified as to Appellant's reputation for having a peaceful and law-abiding character. *Id.* at 153-56. On cross-examination, the following exchange took place:

[The Commonwealth]: Ma'am, you know [Appellant]; is that correct?

[Ning Jiang]: Yes.

[The Commonwealth]: And do you think [Appellant] would tell you if he was molesting a juvenile female?

[Attorney for Appellant]: I'm going to object to that question.

[Trial Court]: It is appropriate character witness cross. Overruled.

[The Commonwealth]: Do you think [Appellant] would talk to you about molesting a little girl?

[Ning Jiang]: No, I don't.

*Id.* at 156. Thereafter, Mr. Nan Wu also testified on Appellant's behalf. *Id.* at 157-63. During cross-examination of Mr. Wu, the Commonwealth asked a similar question soliciting Mr. Wu's opinion without objection. *Id.* at 161 ("Q: Do you think [Appellant] would tell you if he [was] sexually molesting a juvenile female?").

Following his trial and conviction, in February 2015, the trial court sentenced Appellant as outlined above.[2] Appellant filed post-sentence motions that were denied by the court. Thereafter, Appellant timely

_____

[2] The court imposed seven and one-half to fifteen months' incarceration for indecent assault; a consecutive period of seven and one-half to fifteen months' incarceration for endangering the welfare of children; and thereafter, concurrent periods of three years' probation for indecent assault, unlawful contact with a minor, and corruption of minors. *See* N.T., 02/02/2015, at 12.; *see also* Criminal Docket No. CP-02-CR-0003431-2014 at 3-4.

appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

In this appeal, Appellant contends the trial court erred when it overruled Appellant's objections to (1) a portion of the testimony solicited from the victim's mother and (2) the cross-examination of Appellant's character witnesses. ***See*** Appellant's Brief at 4-5.[3] Thus, Appellant challenges evidentiary decisions of the trial court.

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. Where an error is deemed to be harmless, a reversal is not warranted. Regarding the erroneous admission of evidence, harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Kuder***, 62 A.3d 1038, 1053 (Pa. Super. 2013) (internal citations omitted; quotation marks omitted; formatting modified).

Appellant asserts that the mother's testimony constituted an inappropriate lay opinion, as it was not rationally based on her perceptions. **See** Appellant's Brief at 41-43. Appellant's assertion is without support in the record.

_____

[3] We have reversed the order of the issues raised by Appellant.

- 4 -

A witness is permitted to offer her opinion, where it is rationally based upon her perception. *See, e.g.*, *Commonwealth v. Counterman*, 719 A.2d 284, 301 (Pa. 1998) (concluding that a medical social worker could testify to her personal observations of the appellant's condition and appearance, including that appellant "did not appear to be grieving over the deaths of his children"); *see also* Pa.R.E. 701(a) (permitting a lay witness to offer opinion testimony "rationally based on the witness's perception").

As noted above, the victim disclosed Appellant's longtime abuse to her mother. The mother testified to her daughter's demeanor at the time of the disclosure. *See* N.T., 07/17-21/2014, at 78-79. Appellant objected to this testimony, but the trial court overruled the objection, stating, "These are her personal observations of her daughter's demeanor, and I will allow that." *Id.* This testimony was proper. *See Counterman*, 719 A.2d at 301; Pa.R.E. 701. Thus, we discern no abuse of the trial court's discretion. *See Kuder*, 62 A.3d at 1053.

Appellant also asserts that the Commonwealth's cross-examination of his character witness, Ms. Ning Jiang, was improper.[4] Appellant elicited testimony from Ms. Jiang that Appellant had a reputation in the community for being peaceful and law-abiding. *See* N.T., 07/17-21/2014, at 153-56.

_____

[4] Appellant did not specifically object to similar questioning of Mr. Nan Wu. Accordingly, any claim pertaining to his testimony is waived. *See, e.g.*, *Commonwealth v. Montalvo*, 641 A.2d 1176, 1184-85 (Pa. Super. 1994).

Thereafter in response, the Commonwealth challenged this testimony, questioning Ms. Jiang, "[D]o you think [Appellant] would tell you if he was molesting a juvenile female?" *Id.* at 156. According to Appellant, this question was improper because it called for Ms. Jiang's opinion of Appellant's character. *See* Appellant's Brief at 26-28 (citing in support Pa.R.E. 405(a) ("Testimony about the witness's opinion as to the character or character trait of the person is not admissible.")). Moreover, according to Appellant, with this single query the Commonwealth's cross-examination of Ms. Jiang unfairly prejudiced Appellant because it worked to undermine his credibility. *Id.* at 32-37.

We conclude that Appellant is entitled to no relief. We agree that the Commonwealth's question, as phrased, elicited the personal opinion of Ms. Jiang and that such opinion testimony is inadmissible from a character witness. *See* Pa.R.E. 405(a). However, we are also mindful that the Commonwealth is permitted to cross-examine a character witness "to test the accuracy of [her] testimony and the standard by which [she] measures reputation." *Commonwealth v. Morgan*, 739 A.2d 1033, 1036 (Pa. 1999); *see also* Trial Court Opinion, 08/04/2015, at 8 (noting that the Commonwealth's question challenged Appellant's law-abiding character). Accordingly, despite the awkward phrasing of the Commonwealth's question, we discern no abuse of the trial court's discretion in overruling Appellant's objection.

As a result of the Commonwealth's cross-examination, Appellant's evidence of good character was merely tempered by Ms. Jiang's concession that Appellant may not disclose criminal activity to her. Appellant suggests that this concession so undermined the credibility of his denial of culpability that a new trial is warranted. We disagree. Even were we to conclude that the trial court abused its discretion, any resulting prejudice to Appellant was *de minimis*. Simply put, we are not persuaded that the Commonwealth's single question diminished the effectiveness of Ms. Jiang's character testimony such that Appellant is entitled to a new trial. Thus, to the extent the trial court could have directed the Commonwealth to re-phrase its question in manner more clearly compliant with Rule 405(a), we deem the court's error to be harmless. **Kuder**, 62 A.3d at 1053.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016