J-S49019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADONIOUS WOOLARD | |
| Appellant | No. 1301 EDA 2014 |

Appeal from the PCRA Order April 8, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0708191-2003

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 14, 2016**

Appellant, Adonious Woolard, appeals from the order entered April 8, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 21, 2004, Appellant was convicted following a non-jury trial of murder of the third degree, conspiracy to commit murder, recklessly endangering another person, possession of an instrument of crime, carrying firearms without a license, and carrying firearms on the public streets of Philadelphia.[1]  On August 19, 2004, the trial court sentenced Appellant to serve an aggregate term of 15 to 40 years in prison.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, 2705, 907, 6106, and 6108, respectively.

*Former Justice specially assigned to the Superior Court.

We affirmed Appellant's judgment of sentence on April 19, 2006 and, on September 13, 2006, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Woolard***, 902 A.2d 984 (Pa. Super. 2006) (unpublished memorandum) at 1-11, *appeal denied*, 907 A.2d 1102 (Pa. 2006).

Appellant filed a timely, *pro se* PCRA petition on September 4, 2007 and the PCRA court appointed counsel to represent Appellant. Within Appellant's counseled, amended PCRA petition, Appellant raised a number of ineffective assistance of counsel claims, including that trial counsel was ineffective for "failing to call character witnesses for [Appellant,] who had no prior convictions for violent offenses." Appellant's Amended PCRA Petition, 8/25/11, at 2. However, the petition did not identify any particular character witnesses by name. ***See id.***

On April 8, 2014, the PCRA court dismissed Appellant's PCRA petition without a hearing and Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:

> Did the PCRA [c]ourt err in dismissing Appellant's PCRA [p]etition without a hearing when trial counsel failed to call character witnesses on Appellant's behalf and when Appellant had good character and was prejudiced because no character testimony was presented?

Appellant's Brief at 4.

We have explained:

> [This Court's] scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to

consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.

***Commonwealth v. Blackwell***, 936 A.2d 497, 499 (Pa. Super. 2007).

In his sole claim for relief, Appellant contends that his conviction resulted from the ineffectiveness of trial counsel in failing to present character evidence. Appellant seeks remand for an evidentiary hearing. Appellant's Brief at 8.

On an ineffective assistance of counsel claim, the standard a petitioner must meet for PCRA relief is well settled:

> A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in [42 Pa.C.S.A. § 9542]. One of the grounds enumerated in [42 Pa.C.S.A. § 9542] involves claims alleging ineffective assistance of counsel. Thus, the PCRA provides relief to those individuals whose convictions or sentences resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The Supreme Court of Pennsylvania has interpreted that to mean that in order to obtain relief on a claim alleging ineffective assistance of counsel, a petitioner must prove that: 1) the claim underlying the ineffectiveness claim has arguable merit; 2) counsel's actions lacked any reasonable basis; and 3) counsel's actions resulted in prejudice to petitioner.

***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). A reviewing court presumes counsel to be effective. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant's burden is to plead and prove each element of the test for ineffectiveness by a

- 3 -

preponderance of the evidence. *Id.* Where it is clear that a petitioner has failed to satisfy any one prong of the test, this Court may dispose of the claim on that basis alone. *Commonwealth v. Steele*, 961 A.2d 786, 795 (Pa. 2008).

"Failure to present available character witnesses may constitute ineffective assistance of counsel." *Commonwealth v. Harris*, 785 A.2d 998, 1000 (Pa. Super. 2001). Appellant asserts that failure to present character evidence is ineffectiveness *per se*. Appellant's Brief at 9. This is not the case. *Commonwealth v. Treiber*, 121 A.3d 435, 463 (Pa. 2015). Defense counsel is necessarily ineffective for failing to introduce evidence of defendant's good character only when his or her credibility as a witness is "of paramount importance." *Commonwealth v. Weiss*, 606 A.2d 439, 442 (Pa. 1992) ("In a case such as this, where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility"). Generally, a defendant's character is only central to the truth-determining process when the Commonwealth bases its case principally on the credibility of its witnesses. *See*, *e.g.*, *Commonwealth v. Keaton*, 56 A.3d 1050, 1072-73 (Pa. 2012); *Commonwealth v. Johnson*, 966 A.2d 523, 538 (Pa. 2009); *Commonwealth v. Morgan*, 739 A.2d 1033, 1038 (Pa. 1999).

Rather, to support such an ineffectiveness claim for failing to proffer character evidence, a petitioner must demonstrate: 1) the witness existed;

2) the witness was available; 3) counsel knew of, or should have known of, the existence of the witness; 4) the witness was willing to testify for the defense; and 5) the absence of the testimony was so prejudicial to petitioner so as to deny him or her a fair trial. ***Commonwealth v. Miner***, 44 A.3d 684, 687 (Pa. Super. 2012).

In the context of ineffective assistance of counsel, prejudice requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1226 (Pa. 2006).

Appellant fails to satisfy any element of this test. Appellant does not identify any character witness and has not shown that the purported witnesses were willing to testify or that trial counsel knew or should have known to call them. ***See*** Appellant's Brief at 1-10. Furthermore, Appellant does not show how or why the testimony of character witnesses could have altered the outcome of the proceeding. ***See id.*** Such an undeveloped ineffective assistance of counsel claim does not entitle Appellant to relief. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002) ("Claims of ineffective assistance of counsel are not self-proving.").

Moreover, this Court has acknowledged that the right to an evidentiary hearing is not absolute in PCRA proceedings. ***See***, ***e.g., Commonwealth v. White***, 647 A.2d 253, 256 (Pa. Super. 1996). A hearing may be denied

when petitioner's claim is "patently frivolous and without a trace of support either in the record or from other evidence." ***Id.***

As Appellant has not pleaded any facts in the record to support his ineffective assistance of counsel claim, the PCRA court did not err in dismissing his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016