J-S31020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GUIPING ZHENG | |
| Appellant | No. 1402 WDA 2018 |

Appeal from the PCRA Order entered September 14, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0003431-2014

BEFORE:  OLSON, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:               **FILED  AUGUST 27, 2019**

Appellant, Guiping Zheng, appeals from the September 14, 2018 order entered in the Court of Common Pleas of Allegheny County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.  Appellant contends the PCRA court erred in failing to find that trial counsel ineffectively cross-examined Appellant's accuser and in failing to find that both trial and direct appeal counsel failed to raise a violation of Appellant's due process rights.  Upon review, we affirm.

On direct appeal, this Court provided the following factual background:

> The evidence adduced at the trial in this matter established that Appellant lay on top of the victim, E.S., fondled her over her clothing and attempted to kiss her.  This conduct occurred frequently over the course of approximately four years, commencing when the victim was six years old.  Eventually, the

victim revealed the ongoing abuse to her mother who reported Appellant's behavior.

*Commonwealth v. Zheng*, 2016 WL 4954188, at *1, (Pa. Super. July 11, 2016), *appeal denied*, 167 A.3d 709 (Pa. 2017).

The PCRA court provided the following procedural history:

On July 21, 2014, a jury convicted Appellant . . . of one count each of indecent assault, unlawful contact with minor, endangering welfare of children, corruption of minors (course of conduct), and corruption of minors.[1] This court sentenced Appellant on February 2, 2015 to a sentence of incarceration for a minimum period of 7 months and 15 days and a maximum period of 15 months, with each count carrying a probation sentence of 3 years consecutive to incarceration but concurrent with each probationary sentence. On March 3, 2015, this court denied Appellant's post-sentence motion. Appellant filed a notice of appeal on March 26, 2015 and the Superior Court of Pennsylvania affirmed on July 11, 2016. [Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 7, 2017.]

[1] 18 Pa.C.S. §§ 3126(a)(7), 6318(a)(4), 4304(a)(1), 6301(a)(1)(ii), and 6301(a)(1)(i), respectively.

PCRA Court Opinion, 12/20/18, at 1 (some capitalization omitted).

Following denial of his petition for allowance of appeal, Appellant filed a timely PCRA petition raising seven issues. At the conclusion of a hearing conducted on September 12, 2018, the PCRA court announced its ruling, explaining its denial of Appellant's requested relief with the exception of one correction relating to the proper identification of a statutory provision. The court's order was entered on the docket on September 14, 2018. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues on appeal:

I.      Did the PCRA court err in denying Appellant's petition for post-conviction relief when trial counsel failed to cross-examine the accuser about statements made at trial, which were inconsistent with statements made at both a forensic interview and the preliminary hearing, explaining why she did not make a prompt complaint of the alleged sexual abuse?

II.     Did the PCRA court err in denying Appellant's petition for post-conviction relief when neither trial counsel nor appellate counsel argued that the Commonwealth's questioning of a defense character witness assumed [Appellant's] guilt, violating Appellant's due process rights?

Appellant's Brief at 4.

Our standard of review from the denial of PCRA relief is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Id.**

In his first issue, Appellant argues that his trial counsel was ineffective for failing to cross-examine the victim, E.S., regarding prior inconsistent statements "as to why she did not make a prompt complaint" about Appellant's actions. PCRA Court Opinion, 12/20/18, at 3. As this Court has recognized:

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id.*** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 574 Pa. 282, 830 A.2d 567, 572 (2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 571 Pa. 112, 811 A.2d 994, 1002 (2002).

***Commonwealth v. Smith***, 167 A.3d 782, 787-88 (Pa. Super. 2017).

As the PCRA court explained:

Present counsel alleges inconsistencies between E.S.'s statements at the preliminary hearing, the forensic interviews and at trial regarding the reason for a lack of prompt complaint. . . .

Counsel for Appellant at the preliminary hearing attempted to elicit testimony regarding prompt report. However, counsel was unable to obtain that testimony due to the magisterial district justice's ruling which sustained the Commonwealth's objection that counsel's questions extended beyond the scope of direct examination. Appellant's assertion that preliminary hearing counsel failed to confront E.S. at the preliminary hearing is not supported by the evidence.

At the forensic interview, E.S. explained the delay in reporting as a lack of courage on her part, which she eventually overcame as she felt haunted by her non-disclosure. E.S. testified at trial that she initially did not know what Appellant had done to her was wrong, and disclosed eventually because she started to feel that what was happening to her was not right. Trial counsel reasonably concluded that these statements can be reconciled and inconsistencies are *de minimus*. Nonetheless, trial counsel requested an instruction on prompt complaint, which this court gave.

Instead, counsel at trial focused on other weaknesses in the victim's credibility. Counsel elicited testimony that E.S. made a birthday card for Appellant two months before she disclosed abuse. He further elicited testimony that E.S. voluntarily continued to go to Appellant's residence despite her purported fear of Appellant. E.S. acknowledged under cross-examination that numerous people were in Appellant's home at the time the incidents occurred, none of whom observed Appellant inappropriately touch E.S. Since counsel's actions constitute reasonable strategic decisions, this court correctly determined that trial counsel was not ineffective as to this claim.

*Id.* at 3-4 (references to notes of testimony and some capitalization omitted).

Viewing the evidence in the light most favorable to the Commonwealth, we find the PCRA court's findings of fact are supported by the record and discern no error in its conclusions of law. Specifically, counsel was not ineffective regarding testimony at the preliminary hearing because the scope of his cross-examination was circumscribed by the magisterial judge's ruling. Mindful that E.S. was ten years old at the time of the interview and trial, we agree that any inconsistencies between her forensic interview and her trial testimony were *de minimus*. Moreover, trial counsel requested a prompt complaint instruction, which the trial court delivered, and trial counsel pursued a reasonable trial strategy of attacking E.S.'s credibility in other respects. Appellant has failed to satisfy the test for ineffectiveness by failing to demonstrate that the underlying claim is of arguable merit or that, but for counsel's actions, there is a reasonable probability that the outcome would have been different. Appellant's first issue fails.

In his second issue, Appellant asserts trial and direct appeal counsel were ineffective for failing to argue the impropriety of the Commonwealth's "guilt-assuming hypotheticals." Appellant contends that questions forcing character witnesses to assume that a defendant is guilty deprive the accused of the presumption of innocence, violating the accused's due process rights. Appellant's Brief at 14.

During his trial, Appellant testified on his own behalf, denying E.S.'s allegations. On direct appeal, this Court observed:

Appellant also presented character witnesses. For example, neighbor Ning Jiang testified as to Appellant's reputation for having a peaceful and law-abiding character. On cross-examination, the following exchange took place:

[The Commonwealth]: Ma'am, you know [Appellant]; is that correct?

[Ning Jiang]: Yes.

[The Commonwealth]: And do you think [Appellant] would tell you if he was molesting a juvenile female?

[Attorney for Appellant]: I'm going to object to that question.

[Trial Court]: It is appropriate character witness cross. Overruled.

[The Commonwealth]: Do you think [Appellant] would talk to you about molesting a little girl?

[Ning Jiang]: No, I don't.

Thereafter, Mr. Nan Wu also testified on Appellant's behalf. During cross-examination of Mr. Wu, the Commonwealth asked a

similar question soliciting Mr. Wu's opinion without objection. ("Q: Do you think [Appellant] would tell you if he [was] sexually molesting a juvenile female?").

**Commonwealth v. Zheng**, 2016 WL 4954188, at *1 (references to notes of testimony omitted).

Addressing the propriety of the Commonwealth's cross-examination on direct appeal, this Court explained:

> Appellant also asserts that the Commonwealth's cross-examination of his character witness, Ms. Ning Jiang, was improper.[4] Appellant elicited testimony from Ms. Jiang that Appellant had a reputation in the community for being peaceful and law-abiding. Thereafter in response, the Commonwealth challenged this testimony, questioning Ms. Jiang, "[D]o you think [Appellant] would tell you if he was molesting a juvenile female?" According to Appellant, this question was improper because it called for Ms. Jiang's opinion of Appellant's character. Moreover, according to Appellant, with this single query the Commonwealth's cross-examination of Ms. Jiang unfairly prejudiced Appellant because it worked to undermine his credibility.
>
> We conclude that Appellant is entitled to no relief. We agree that the Commonwealth's question, as phrased, elicited the personal opinion of Ms. Jiang and that such opinion testimony is inadmissible from a character witness. **See** Pa.R.E. 405(a). However, we are also mindful that the Commonwealth is permitted to cross-examine a character witness "to test the accuracy of [her] testimony and the standard by which [she] measures reputation." **Commonwealth v. Morgan**, 739 A.2d 1033, 1036 (Pa. 1999); **see also** Trial Court Opinion, 08/04/2015, at 8 (noting that the Commonwealth's question challenged Appellant's law-abiding character). Accordingly, despite the awkward phrasing of the Commonwealth's question, we discern no abuse of the trial court's discretion in overruling Appellant's objection.
>
> As a result of the Commonwealth's cross-examination, Appellant's evidence of good character was merely tempered by Ms. Jiang's concession that Appellant may not disclose criminal activity to her. Appellant suggests that this concession so undermined the

credibility of his denial of culpability that a new trial is warranted. We disagree. Even were we to conclude that the trial court abused its discretion, any resulting prejudice to Appellant was *de minimis*. Simply put, we are not persuaded that the Commonwealth's single question diminished the effectiveness of Ms. Jiang's character testimony such that Appellant is entitled to a new trial.

[4] Appellant did not specifically object to similar questioning of Mr. Nan Wu. Accordingly, any claim pertaining to his testimony is waived. **See, e.g.**, **Commonwealth v. Montalvo**, 641 A.2d 1176, 1184-85 (Pa. Super. 1994).

*Id.* at **2-3 (references to notes of testimony and citation to Appellant's brief on direct appeal omitted).

To be eligible for relief under the PCRA, "the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue has been previously litigated if . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).

The PCRA court concluded that this Court addressed Appellant's issue on direct appeal and determined it was without merit. Consequently, "counsel was not ineffective for raising meritless claims." PCRA Court Opinion, 12/20/18, at 5. We agree. We recognize that the issue on direct appeal called into play the trial court's evidentiary rulings. Nevertheless, our rejection of Appellant's challenge to the evidentiary rulings underscores Appellant's failure to demonstrate that, "but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Smith**, 167 A.3d at 787 (citing **Fulton**, 830 A.2d at 572). Again,

"[f]ailure to satisfy any prong of the [ineffectiveness] test will result in rejection of the appellant's ineffective assistance of counsel claim." *Id.* at 787-88 (citing *Jones*, 811 A.2d at 1002). Moreover, as to his current due process assertions, "[an] appellant cannot obtain post-conviction review of claims previously litigated on appeal by alleging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims." *Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004) (quoting *Commonwealth v. Beasley*, 678 A.2d 773, 778 (Pa. 1996)).

The PCRA court's findings of fact relating to Appellant's second issue are supported by the record and its legal conclusions are without error. Therefore, Appellant is not entitled to relief on his second issue.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/27/2019

- 9 -