**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**John HOOVER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 2011.

Filed March 7, 2011.

Michael R. Hadley, Oil City, for appellant.

BEFORE: ALLEN, OLSON and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This case is a direct appeal from the judgment of sentence imposed after Appellant's conviction for, *inter alia*, driving under the influence of alcohol ("DUI"). The issue is whether the trial court erred when it ruled the Commonwealth would be allowed to cross examine Appellant's character witnesses by questioning them as to their knowledge of his prior DUI arrest and/or his participation in an Accelerated Rehabilitative Disposition ("ARD") program with respect to the prior DUI case. We vacate the judgment of sentence, reverse the court's aforesaid ruling, and remand this case for proceedings consistent herewith.

Appellant was charged with DUI and related offenses. As part of his defense, he intended to call character witnesses to testify to his reputation for being law abiding. Prior to trial, he filed a motion *in limine* to preclude the Commonwealth from asking those witnesses about their knowledge of his previous DUI arrest and/or his ARD participation. The trial court denied the motion. As a result of this ruling, Appellant decided not to present the character witnesses.

At trial, the Commonwealth adduced testimony that police followed Appellant for some distance along a road as he drove at thirty to forty-five miles per hour. Appellant crossed the center line of the road three or four times, doing so on each occasion to a distance of approximately one foot. He similarly crossed the fog line four times. Eventually, police activated their overhead lights. Appellant pulled his vehicle off the road, stopping in the lot of a gas station.

When police approached the vehicle and requested Appellant's license, he exhibited signs of intoxication, including slurred speech, bloodshot eyes and the smell of alcohol. He fumbled with his license but apparently did provide it. Upon being asked, he indicated he had been drinking and had come from a certain tavern. Thereafter, he engaged in one or more field sobriety tests but failed that testing. Appellant was arrested. Lab tests would later reveal his blood alcohol content ("BAC") was 0.382%. Appellant was eventually convicted by a jury of two DUI counts—general impairment under 75 Pa. C.S.A. § 3802(a)(1) and having a BAC equal to or greater than 0.16% under 75 Pa.C.S.A. § 3802(c). The court convicted Appellant of summary vehicle offenses. Appellant was sentenced and then filed this appeal. He challenges the trial court's pretrial order denying his aforesaid motion *in limine.*

▆ In a criminal case, the accused may offer witnesses to testify to the accused's relevant character traits. Pa.R.E. 404(a)(1). The Commonwealth may, of course, attempt to impeach those witnesses. *Commonwealth v. Morgan,* 559 Pa. 248, 739 A.2d 1033, 1035 (1999). For example, when cross examining character witnesses offered by the accused, the Com-

* Retired Senior Judge assigned to the Superior Court.

monwealth may test the witnesses' knowledge about specific instances of conduct of the accused where those instances are probative of the traits in question. Pa.R.E. 405(a). However, the Commonwealth may not question the witnesses about allegations of other criminal misconduct by the accused where those allegations did not result in a conviction. *Morgan,* 739 A.2d at 1035–36 (holding it is improper to cross examine character witnesses with respect to their knowledge of uncharged criminal allegations against defendant); *Commonwealth v. Scott,* 496 Pa. 188, 436 A.2d 607, 611–12 (1981) (holding it is improper to cross examine character witnesses with respect to their knowledge of defendant's arrests not leading to convictions); Pa. R.E. 405(a). Participation in an ARD program is not a conviction for impeachment purposes. *Commonwealth v. Brown,* 449 Pa.Super. 346, 673 A.2d 975, 978–79 (1996).

■ The scope of cross examination is a matter within the trial court's discretion and will not be disturbed by this Court absent an abuse of that discretion. *Morgan,* 739 A.2d at 1035. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. *Commonwealth v. Bradford,* 2 A.3d 628, 632–33 (Pa.Super.2010).

■ Appellant's participation in an ARD program was not a conviction for impeachment purposes. Thus, the trial court erred when it ruled the Commonwealth would be permitted to cross examine Appellant's character witnesses by questioning them as to their knowledge of his prior DUI arrest and/or his ARD participation relating thereto.

We understand the trial court relied on *Commonwealth v. Bowser,* 425 Pa.Super. 24, 624 A.2d 125 (1993), a case in which a panel of this Court allowed the defendant's participation in an ARD program to be used for impeachment purposes. However, as this Court made clear in 1996, the *Bowser* opinion overlooked numerous cases holding that ARD participation is not a conviction and may not be used to impeach witnesses. *Brown,* 673 A.2d at 979. Thus, in *Brown,* we reiterated the well-established prohibition against using a defendant's admission into an ARD program to attack the credibility of witnesses. *Id.* at 978–79.

■ In sum, then, the trial court's order denying Appellant's pretrial motion *in limine* was legally erroneous and, as such, constituted an abuse of discretion. Moreover, we cannot call this error harmless. An error is harmless where the uncontradicted evidence of guilt is so overwhelming that, by comparison, the error is insignificant. *Commonwealth v. Schoff,* 911 A.2d 147, 157 (Pa.Super.2006). When discussing harmless error, we have also stated that the Commonwealth can meet its burden of showing harmlessness by persuading us the error did not prejudice the appellant or did so to a *de minimis* extent, and/or by persuading us the properly admitted and uncontradicted evidence was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. *Id.* at 158.

In this case, Appellant provided expert testimony indicating that a BAC of 0.382% is so high that it would likely cause coma or death. The evidence, however, showed that Appellant drove for some distance, engaged in conversation and provided his license upon request to police. His position at trial was that, in light of these conscious activities on his part, the BAC test results were so high as to be preposterous and, as such, the testing must have been done incorrectly.

In response, the Commonwealth chose to present evidence from an expert who

testified regarding various tolerances that can develop with respect to alcohol use. Among them is a learned tolerance wherein a person repeatedly engages in specific activities while intoxicated and, over some period of time, becomes able to carry out those activities despite the intoxication. The Commonwealth's expert then testified about numerous specific cases where people engaged in activities without outward manifestations of drunkenness despite having BAC levels similar to or greater than the BAC level reported in this case. Having heard what the Commonwealth's expert said about the learned tolerance that arises from repeatedly engaging in activities while intoxicated, and having been presented with BAC results of 0.382%, the jury may have reasoned that Appellant was such a person—that is, he was a person who was able to drive with such a high BAC because, most likely, he had repeatedly done so in the past.

This type of reasoning or inference is exactly what Appellant wished to counter by presenting character witnesses. He wanted to show that he was law abiding and that he was not the kind of person who drives while intoxicated. If he had presented evidence of good character for being law abiding, his position that the high BAC resulted from erroneous testing could have been persuasive to the jury.

Along these lines, we note that character testimony alone can be grounds for acquittal. *Commonwealth v. Neely*, 522 Pa. 236, 561 A.2d 1, 3 (1989). Indeed, a defendant who presents character evidence is entitled to a jury instruction telling the jurors that evidence of good character may create a reasonable doubt, thus requiring a verdict of not guilty. *Id.*

In light of the foregoing considerations, we cannot say that the trial court's error was insignificant. The competing experts contradicted each other, at least to some extent, because Appellant's expert essentially indicated Appellant could not have had such a high BAC level while the Commonwealth's expert indicated he could. Also, the Commonwealth's evidence allowed for the inference that Appellant may have had a history of drinking and driving over an extended period of time. Appellant's character evidence of being law abiding would have been in direct opposition to such an inference. Coupled with his expert's testimony that the reported BAC was itself unlikely, the character evidence could have led the jury to conclude that the test results may have been incorrect and that Appellant had no such BAC.

Based on our foregoing discussion, we cannot conclude that the lack of character evidence, which was precipitated by the trial court's erroneous pretrial ruling, could not have contributed to the verdict. In short, we cannot say that the error was harmless. We thus vacate Appellant's judgment of sentence, reverse the court's order denying Appellant's pretrial motion *in limine* and remand this case for proceedings consistent herewith.[1]

Judgment of sentence vacated. Order denying Appellant's pretrial motion *in limine* reversed. Case remanded for proceedings consistent herewith.

---

1. We have reached our conclusion on the grounds that the trial court's ruling was in violation of Pa.R.E. 405(a) and the case law cited herein. Appellant also presents arguments that the pretrial ruling was incorrect because it would have allowed the Commonwealth to reference an expunged ARD record in violation of one or more statutes governing such records. In light of our resolution of this case, we need not address those arguments.