J-S63010-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH McANDREW, JR., | |
| Appellant | No. 3548 EDA 2014 |

Appeal from the Judgment of Sentence November 20, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0006823-2011

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 05, 2015**

Joseph McAndrew, Jr. ("McAndrew") appeals from the judgment of sentence entered following his convictions of three counts of first-degree murder and one count of possessing instruments of crime.[1]  Following our review, we affirm.

The trial court succinctly summarized the relevant facts and procedural histories as follows:

> On March 5, 2011, [McAndrew] slaughtered his mother, father and twin brother in the family's home in King of Prussia, Montgomery County.  He was charged with three counts of murder of the first degree, three counts of murder of the third degree and one count of possession of an instrument of crime.  [McAndrew] filed notice of an insanity defense.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907.

The matter proceeded to a bench trial, and the Commonwealth withdrew its intent to seek the death penalty. The undersigned found [McAndrew] guilty but mentally ill of three counts of murder of the first degree and one count of possession of an instrument of crime and, later, sentenced him to three consecutive terms of life in prison without parole.

[McAndrew] did not file a post-sentence motion. He filed a direct appeal and subsequently complied with [the trial] court's directive to produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

Trial Court Opinion, 2/12/15, at 1-2 (footnote omitted).

McAndrew raises four issues for our review:

1. Is Mr. McAndrew entitled to a new trial because he was unfairly prejudiced when the trial court denied his [m]otion [*i*]*n [l*]*imine* to [e]xclude the [t]estimonies of Steven Kidd and Kenneth Defreitas and to [e]xclude [t]heir [s]tatements from [a]ll [e]xpert [r]eports at trial, the contents of which included self-incriminating admissions made by him at a time when he was incompetent and lacked the testimonial capacity to make such self-incriminating admissions?

2. Is Mr. McAndrew entitled to a new trial because he was unfairly prejudiced when the trial court refused to suppress the in-court testimony of Steven Kidd at trial, the content of which included statements made by Mr. McAndrew at a time when he was incompetent and lacked the testimonial capacity to make such self-incriminating admissions?

3. Did the trial court err in not allowing Mr. McAndrew's counsel to present his closing argument last, when Mr. McAndrew had entered the affirmative defense of [i]nsanity and thus had

the burden of proof shifted from the Commonwealth on to him?

4. Does the clear weight of the evidence demonstrate that the trial court did not abuse its discretion in finding, by clear and convincing evidence, that Mr. McAndrew was [g]uilty but [m]entally [i]ll of three counts of [m]urder in the [f]irst [d]egree and one count of [p]ossession of an [i]nstrument of a [c]rime … and that Mr. McAndrew failed to demonstrate his legal insanity by a preponderance of the evidence?

McAndrew's Brief at 5-7.

McAndrew's first two issues, which he addresses together, challenge evidentiary rulings regarding statements he made to other inmates in the medical unit of Montgomery County Correctional Facility in early April 2011. We review these claims mindful that

> [o]ur standard of review regarding the admissibility of evidence is an abuse of discretion. "The admissibility of evidence is a matter addressed to the sound discretion of the trial court and ... an appellate court may only reverse upon a showing that the trial court abused its discretion." ***Commonwealth v. Weiss***, 776 A.2d 958, 967 ([Pa.] 2001) (citations omitted). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." ***Commonwealth v. Hoover***, 16 A.3d 1148, 1150 (Pa. Super. 2011).

***Commonwealth v. Cox***, 115 A.3d 333, 336 (Pa. Super. 2015).

As noted above, both McAndrew and Kidd were incarcerated in the medical unit in early April 2011. McAndrew recognized Kidd, as they had attended elementary school together, and they spoke briefly. The following

day, they had two conversations. N.T., 8/7/11, at 109. In the second conversation, McAndrew told Kidd that "he was seeing blood written on the wall and he was … telling me how he was hearing the screams of the people he murdered." *Id.* at 110. After McAndrew made this statement, Kidd and his cellmate, Kenneth Defreitas, questioned McAndrew about the "how, why [and] when of the events" and wrote down his answers. *Id.* at 110-11. McAndrew told them that he used a dirk to commit the murders, which he described as three-edged blade used on ships. *Id.* at 111-12. McAndrew also told them the order in which he killed his family members, and that he killed his brother by accident. *Id.* at 113. According to Kidd, McAndrew said that "he wanted to made their deaths ugly because they made him ugly his whole life." *Id.* at 114.

Presently, McAndrew argues that the trial court erred when it denied his efforts to exclude the testimony of Steven Kidd both from trial and from all expert reports. McAndrew's Brief at 24-25. In support of his claim, McAndrew relies on the 1971 Pennsylvania Supreme Court decision in *Commonwealth v. Mozillo*, 278 A.2d 874 (Pa. 1971) and the 1974 Pennsylvania Supreme Court decision in *Commonwealth v. Ware*, 329 A.2d 258 (Pa. 1974). McAndrew's argument is misplaced. In *Mozillo*, the Supreme Court held that the defendant's statements, made at a time when he was deemed to be incompetent to stand trial, could not be offered against him at trial as admissions. *Mozillo*, 278 A.2d at 877. The Supreme

- 4 -

Court's analysis focuses exclusively on the issue of whether an adjudication of incompetency nullifies a defendant's testimonial capacity, such that the defendant's statements may not be offered against him as admissions. Similarly, **Ware** addresses the issue of whether statements made by the defendant while an inmate at Fairview State Hospital could be offered against the defendant as admissions. **Ware**, 329 A.2d at 266-67, 272. In the present case, however, the trial court admitted Kidd's testimony not as substantive evidence, but only as evidence of McAndrew's mental condition. Trial Court Opinion, 2/12/15, at 4. The trial court stated that it was expressly not admitting the testimony for the truth of the matter asserted therein. **Id.**

The trial court cites **Commonwealth v. Bracey**, 461 A.2d 775 (1983), in support of its decision to admit the testimony as evidence of McAndrew's mental condition. **Id.** The holding on which the trial court relies in **Bracey** was ancillary to the primary issue, which was whether a spontaneous statement to police can truly be considered voluntary if the defendant was laboring under a mental illness that compelled her to confess. **Bracey**, 461 A.2d at 781. After disposing of the primary issue, the Supreme Court continued:

> Defense counsel's objections to the admission of appellee's statements arguably included the alternate ground that they were inadmissible for testimonial incompetency. **See** [] **Mozzillo**, [sic] [] 278 A.2d 874 []. The trial court opinion does not

clearly place any reliance on this alternate ground and appellee does not argue the competency issue here. However, as the dissent correctly concludes, the Commonwealth offered appellee's statements not to establish the truth of their content but as circumstantial evidence of her mental condition. Consequently, testimonial trustworthiness was not in issue and her statements were properly admitted for the purpose for which they were offered. *See **Commonwealth v. England**, [] 375 A.2d 1292, 1298–99 ([Pa.] 1977); **Commonwealth v. Wright**, [] 317 A.2d 271, 274 ([Pa.] 1974). See also 6 J. Wigmore, Evidence § 1790 (Chadbourn rev. 1976).*

*Id.* at 782.

McAndrew attempts to distinguish **Bracey** from his case, but fails to appreciate that the trial court is relying on this secondary holding as the basis for its ruling. That is to say, McAndrew addresses only the primary issue in **Bracey** and completely ignores the actual language on which the trial court relies. His challenge fails.

Next, McAndrew argues that the trial court erred by refusing to allow him to present his closing argument last. McAndrew's Brief at 45. Pennsylvania Rule of Criminal Procedure 604(B) provides,

When the evidence is concluded, each party shall be entitled to present one closing argument to the jury. Regardless of the number of defendants, and whether or not a defendant has presented a defense, the attorney for the Commonwealth shall be entitled to make one argument **which shall be made last**.

Pa.R.E. 604(B) (emphasis added). McAndrew acknowledges Rule 604(B), but asks this Court to "adopt a rule that defendants entering the affirmative

defense of insanity in a criminal bench trial be allowed to present their closing arguments last." McAndrew's Brief at 46. We cannot. The power to promulgate rules of procedure resides exclusively in the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 1722. To the extent that McAndrew is asking this Court to create an exception to Rule 604(B), we decline to do so. Rule 604(B) "is intended to make the order of closing arguments uniform throughout the Commonwealth; before its enactment the order of closing arguments was left to the discretion of the lower court." ***Commonwealth v. McCarty***, 421 A.2d 425, 426 n.3 (Pa. Super. 1980). By enacting a rule to standardize the order of closing arguments, the Supreme Court expressly removed this aspect of trial from the discretion of trial courts. McAndrew has cited no authority that would allow this Court to carve out an exception to a rule of criminal procedure, and we know of none.

Finally, McAndrew argues that his convictions are against the weight of the evidence. McAndrew's Brief at 47.

> A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; ***Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. ***Commonwealth v. Sherwood*** [] 982 A.2d 483, 494 (Pa. 2009).

***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014).

The record reveals that McAndrew did not file a post-sentence motion or raise a weight of the evidence claim by oral or written motion prior to his sentencing. Accordingly, he has waived this issue for purposes of appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015