J. S76022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
HEATHER LYNN HOFFMAN,   :
                APPELLANT :
  :
  :   No. 2277 EDA 2015

Appeal from the Judgment of Sentence July 7, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002914-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:            **FILED DECEMBER 09, 2016**

Appellant Heather Lynn Hoffman seeks review of the Judgment of

Sentence imposed after a jury found her guilty of Simple Assault.[1] She

challenges the trial court's ruling that the Commonwealth could use

Appellant's prior convictions for Stalking and summary Harassment to

impeach her character witness's testimony. After careful review, we affirm.

The Commonwealth charged Appellant with, *inter alia*, Aggravated

Assault, Simple Assault, and summary Harassment in connection with an

incident that occurred at Brandywine Hospital when she faked a seizure after

medical personnel refused to provide her with Percocet. During the incident,

---

[*] Former Justice specially assigned to the Superior Court.

[1] The court also found Appellant guilty of the summary offenses of Disorderly conduct and Harassment.

Appellant threw a clipboard at a nurse, causing the nurse to suffer a minor eye injury and creating a commotion that disrupted the operation of the emergency room.

At Appellant's jury trial, the nurse, three other emergency room staff members, and the responding police officer testified regarding the incident. After the Commonwealth closed its case, Appellant moved for a judgment of acquittal, which the court denied. Appellant's counsel then informed the court that he had no evidence to put on. After some discussion about the possibility of Appellant presenting a character witness, including trial counsel's acknowledgment that there was a character witness but that Appellant had not been able to contact her, the court recessed for the day to give Appellant the opportunity to contact the character witness that she had attempted to contact through Facebook the prior week. *See* N.T. Trial, 4/7/15, at 145-46.

The next morning, the character witness was in court ready to testify as to Appellant's reputation for peacefulness and nonviolence. Prior to her testimony, however, Appellant's attorney informed the court that the prosecutor had told him that Appellant had convictions from 2003 for Stalking and summary Harassment that the Commonwealth intended to use to impeach the witness. Counsel objected, arguing that the Commonwealth

had not provided him with the facts underlying the prior convictions.[2] After discussing the Stalking statute, the court ruled that the Stalking conviction pertained to peacefulness with respect to "trying to create reasonable fear of bodily injury or cause substantial emotional distress." N.T. Trial, 4/8/15, at 6.[3] The court also ruled that the prior Harassment convictions were also relevant to Appellant's reputation for peacefulness. *See* N.T., 4/8/15, at 9. The court, thus, concluded that if the character witness testified as to Appellant's reputation for peacefulness and nonviolence, the prosecution could ask the witness if she had knowledge of Appellant's prior Stalking and Harassment convictions. Appellant's counsel then informed the court that "[i]f that's the case, then I will not be calling a character witness. I don't think it's a trial strategy worthwhile at this point." *Id*. at 7.

---

[2] Appellant states that "[t]he only facts offered to the court surrounding the Stalking conviction seemed to indicate that the incident involved Appellant's former attorney looking to cease communication." Appellant's Brief at 19.

[3] The Stalking offense under which Appellant was previously charged and convicted provided, in relevant part:

> A person commits the crime of stalking when he engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either of the following:
>
> (1)  An intent to place the person in reasonable fear of bodily injury; or
> (2)  An intent to cause substantial emotional distress to the person.

Appellant's Brief at 18, citing 18 Pa.C.S. § 2709(b) (repealed and replaced with Section 2709.1, *effective* Jan. 31, 2003).

The jury found Appellant guilty of Simple Assault and not guilty of Aggravated Assault. The court subsequently sentenced Appellant to a term of two days' to twenty-three months' incarceration.

After the denial of her post-sentence motion at a hearing in open court on August 4, 2015, Appellant filed a timely Notice of Appeal with this Court.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the trial court err in its ruling allowing rebuttal evidence pertaining to Appellant's prior convictions of one count of Stalking and two courts of summary Harassment in response to the defense's potential character witness?

Appellant's Brief at 2.

Appellant contends that the trial court erred in ruling that the Commonwealth could use her prior convictions of Stalking and Harassment to impeach her character witness because those convictions cannot be "probative of violence when the underlying facts of the convictions are unknown." Appellant's Brief at 15. Appellant relies on *Commonwealth v. Hull*, 982 A.2d 1020 (Pa. Super. 2009), when she concludes that the trial

---

[4] On August 19, 2015, this Court issued an order to show cause as to why Appellant's appeal should not be quashed as interlocutory in light of the apparently outstanding post-sentence motion. Our review of the record confirms Appellant's response that the trial court denied the post-sentence motion in open court on August 4, 2015. *See* N.T. Hearing, 8/4/15, at 21. The appeal is, thus, not interlocutory.

court's ruling was "manifestly unreasonable and prejudicial considering [she] was charged with aggravated assault."[5]  Appellant's Brief at 20-21.

The trial court has discretion over evidentiary matters, particularly over the scope and manner of cross-examination of a witness. *Commonwealth v. Hoover*, 16 A.3d 1148, 1150 (Pa. Super. 2011).  That discretion "will not be disturbed by this Court absent an abuse of that discretion.  An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Id*. (citation omitted).

With respect to proving character, our rules of evidence provide that the accused may offer witnesses to testify to the accused's relevant character traits.  Pa.R.E. 404(a)(1).  In addition, Pa.R.E. 405 provides, in relevant part:

**Rule 405.  Methods of Proving Character.**

(a) **By Reputation**.  When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation.  Testimony about the witness's opinion as to the character or character trait of the person is not admissible.

(1) On cross-examination of the character witness, the court may allow an inquiry into relevant specific

---

[5] In *Hull*, this Court concluded that the allegation, that trial counsel provided ineffective assistance of counsel by failing to present a character witness in his rape trial, was of arguable merit.  *Hull* is factually and procedurally distinguishable from the instant case and provides no support for Appellant's argument.

> instances of the person's conduct probative of the character trait in question.
>
> (2) In a criminal case, on cross-examination of a character witness, inquiry into allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible.

Pa.R.E. 405(a).

Once an accused "opens the door" with respect to his or her reputation for peacefulness and non-violence, cross-examination of a character witness as to his or her knowledge of misconduct of the accused that resulted in a conviction related to those traits is permissible to test the witness's credibility. *Commonwealth v. Fletcher*, 861 A.2d 898, 915-16 (Pa. 2004). *See also Hoover*, 16 A.3d at 1149-50 (same). Such cross-examination also "test[s] . . . the standard by which [the character witness] measures reputation." *Fletcher, supra* at 916 (citations omitted).

> A distinction is drawn between cases where it is sought to prove particular acts of misconduct and those where the purpose of the examination is to test the accuracy of the testimony by showing either that the witness is not familiar with the reputation concerning which he has testified or that his standard of what constitutes good repute is unsound. *Commonwealth v. Becker*, [ ] 191 A. 351, 356 ([Pa.] 1937). Evidence of the former is inadmissible. Evidence of the latter may be shown, provided the actual purpose of the cross-examination is not to show commission by the defendant of a specific crime of which he or she is not now accused, but to test only the credibility of the character witness. *Commonwealth v. Hurt*, [ ] 60 A.2d 828, 829 ([Pa. Super.] 1948).

*Commonwealth v. Adams*, 626 A.2d 1231, 1233 (Pa. Super. 1993). *See generally* Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 405.02 *et seq*. (2016 ed. LexisNexis Matthew Bender).

In the instant case, Appellant avers that "[t]he only facts offered to the court surrounding the Stalking conviction seemed to indicate that the incident involved Appellant's former attorney looking to cease communication. Without the facts surrounding these incidents, allowing the Commonwealth to submit these convictions as evidence of Appellant's violent character was an abuse of discretion." Appellant's Brief at 20. She concludes that "[t]he ruling was manifestly unreasonable and prejudicial considering Appellant was charged with Aggravated Assault." *Id*. at 21. We cannot agree.

At trial, the trial court stated the following to Appellant:

. . . [T]he bottom line is the reason for the rule is that if a person testifies as to your character in the community, [] you can explore their level of knowledge to see if they know about the conviction. It's not getting to the merits of the underlying conviction, it's just the fact there's a conviction.

* * *

What I'm ruling is if you put a character witness on for peacefulness, and there's a prior 2003 stalking conviction, which, on either section of stalking seems to touch on the area of peacefulness, on either trying to create reasonable fear of bodily injury or cause substantial emotional distress. [sic] Even if someone . . . said I'm not guilty and testifies, the fact there's that conviction is something the Commonwealth would ask a witness on cross-examination about the knowledge of that particular prior.

* * * *

N.T., 4/8/16, at 5 – 7.

Based on our reading of the relevant case law and the trial transcript, we conclude that the trial court properly exercised its discretion in ruling that the Commonwealth could use Appellant's stalking conviction to cross-examine her character witness who intended to testify as to Appellant's reputation for peacefulness and non-violence. Appellant provides no case law to support her implication that defense counsel should have been provided with the facts underlying Appellant's prior convictions to determine if they actually pertained to violence or peacefulness. Most significantly, Appellant did not challenge below, and does not challenge here, the trial court's conclusion that "either section of [the Stalking offense] seems to touch on the area of peacefulness, on either trying to create reasonable fear of bodily injury or cause substantial emotional distress." N.T. at 6.

Accordingly, because we conclude that the trial court did not abuse its discretion in ruling that Appellant's prior convictions could be used to impeach her character witness, we affirm Appellant's judgment of sentence.[6]

Judgment of sentence affirmed.

---

[6] Appellant also contends in her Brief that the "short notice" she received regarding the Commonwealth's intention to use the prior convictions violated Pa.R.E. 404(b)(3). *See* Appellant's Brief at 17-18. Appellant failed to raise this sub-issue before the trial court and it is, thus, waived. *See* Pa.R.A.P. 302(a). Moreover, in light of Appellant's last-minute notice to the Commonwealth and the trial court of the existence of her character witness, the Commonwealth's notice to defense counsel of Appellant's prior convictions was sufficient.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016