J. S10043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                v.              :
                                :
EDUARD CRUCETA-FERREIRA,        :         No. 1423 MDA 2019
                                :
                Appellant       :


Appeal from the Judgment of Sentence Entered July 19, 2019,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0002812-2018


BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 09, 2020**

Eduard Cruceta-Ferreira appeals from the judgment of sentence entered July 19, 2019 by the Court of Common Pleas of Berks County following his conviction of one count each of firearms not to be carried without a license and careless driving.[1]   The trial court sentenced appellant to a term of 182-364 days' incarceration, followed by 5 years' probation.   After careful review, we affirm.

The trial court provided the following factual and procedural history:

> On June 13, 2018, Joshua Krick was cut off by a car at a construction merge point almost causing him to hit a median.  When he honked at the vehicle and threw his hands in the air, it "brake checked" him several times during the traverse of the one lane construction zone.  At some point, the two vehicles ended up side by side.  Mr. Krick testified that the

---

[1] 18 Pa.C.S.A. § 6106(a)(1) and 75 Pa.C.S.A. § 3714(a), respectively.

driver of the other vehicle, [appellant], pulled a pistol out of the middle console, waved it in the air and laughed at him. Mr. Krick called 911. When Mr. Krick saw a police car stopped waiting to make a turn from the opposite direction, he approached the police car in a panic. He indicated that the operator of a black vehicle with plastic over the rear window had pulled a gun on him. He pointed to a vehicle about four cars further north on [State Route] 61. Officer Alan Shinkus of the Northern Berks Regional Police Department pursued the vehicle which stopped in the parking lot of a local business, Century Cabinetry. [Appellant's] girlfriend, Frances Feliciano, was employed at Century Cabinetry. Ms. Feliciano was asked by police if she kept a gun in the car. She answered yes and told police that her weapon was in the center console. When the console was opened, the pistol was not there. It was in the back seat of the car partially concealed in a black plastic binder on the floor behind the passenger seat. [Appellant] admitted to Ms. Feliciano that he threw the gun in the back seat because he was nervous. Officer Shinkus testified that the gun was loaded when it was recovered. Ms. Feliciano testified that she had put the gun in [appellant's] car the evening before to remove it from her home during a party when she thought her son may have been playing with it. [Appellant] was in the kitchen preparing food when she told him she put the gun in the car. At the time of the incident, [appellant] was 19 years old. A records check indicated he did not have a license for a concealed weapon.

Trial court opinion, 11/4/19 at 2-3.

On July 12, 2019, after a jury trial, [appellant] was found guilty of firearms not to be carried without a license. There was a hung jury as to one count of terroristic threats and not guilty verdicts as to harassment and disorderly conduct. Sentencing was scheduled for July 19, 2019. [Appellant had] a prior record score of zero. The offense gravity score [was] 9 and the standard guideline range was 12-24 months. A sentence of 182 days to 364 days

followed by five years of probation was imposed. This was a mitigated range sentence. [Appellant] was also convicted of careless driving. No fine was imposed but [appellant] was ordered to pay the costs. On July 25, 2019, a post[-]sentence motion was filed arguing the lack of sufficiency of the evidence and that the verdict was against the weight of the evidence. The post[-]sentence motion was denied without a hearing on July 31, 2019. [A] notice of appeal was filed on August 26, 2019. On August 29, 2019, the [trial] court ordered that a concise statement of matters to be complained upon appeal be filed. The timely 1925(b) statement was filed on September 19, 2019.

*Id.* at 1 (citations and extraneous capitalization omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on November 4, 2019.

Appellant raises the following issues for our review:

[I.] Whether the evidence was sufficient to establish all elements of firearms not to be carried without a license[?]

[II.] Whether the verdict convicting appellant of firearms not to be carried without a license was against the weight of the evidence[?]

[III.] Whether the Felony 3 grading of firearms not to be carried without a license was proper[?]

[IV.] Whether the trial court erred in determining that potential character witnesses could be questioned regarding their knowledge of appellant's pending simple assault charges[?]

[V.] Whether the trial court erred in failing to instruct the jury that the ***mens rea*** element of firearms not to be carried without a license applies to the possession of a firearm inside a vehicle.

Appellant's brief at 11-12 (extraneous capitalization and footnote omitted).[2]

In his first issue on appeal, appellant contends that the Commonwealth failed to establish that appellant knowingly, intelligently, or recklessly carried a firearm without a license in his vehicle. (Appellant's brief at 23.)

> In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:
>
>> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>>
>> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.

---

[2] In his brief, appellant concedes that the trial court's instructions to the jury were proper, thereby abandoning his fifth issue on appeal. (Appellant's brief at 12 n.1.)

> Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.
>
> ***Commonwealth v. Franklin***, 69 A.3d 719, 722-723 (Pa.Super. 2013) (internal quotations and citations omitted).  Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." ***Commonwealth v. Ramtahal***, [], 33 A.3d 602, 607 ([Pa.] 2011).

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-337 (Pa.Super. 2019).

In the instant appeal, appellant challenges his conviction of firearms not to be carried without a license, which the Crimes Code defines as:

**(a)  Offense defined.--**

> (1)  Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

In his brief, appellant argues that, "he never noticed the firearm in the vehicle until the interaction with [Mr. Krick]."  (Appellant's brief at 25.)  Put another way, appellant maintains that he was not aware there was a firearm

in his vehicle, therefore, he did not possess the requisite intent. (*Id.* at 26.) As noted by the trial court, the Commonwealth presented evidence to the contrary. (*See* trial court opinion, 11/4/19 at unnumbered pages 4-5.)

Indeed, appellant's then-girlfriend, Frances Feliciano, testified that she told appellant that she had put her firearm in the center console of appellant's car on June 12, 2018. (Notes of testimony, 7/11/19 at 42.) Ms. Feliciano also testified that after the incident, appellant told her that after he was pulled over by the police, appellant put the firearm in the driver's manual and then put the firearm on the back seat. (*Id.* at 41.)

Additionally, the Commonwealth introduced testimony from Mr. Krick. Mr. Krick testified that after an interaction with appellant in traffic, Mr. Krick's vehicle was adjacent to appellant's at a red light, at which point Mr. Krick nonverbally expressed frustration with appellant due to what Mr. Krick described as appellant's erratic driving. (*Id.* at 11-12.) Mr. Krick then testified that appellant "proceeded to reach in his middle console and pull out a semiautomatic pistol." (*Id.* at 12.) Appellant then waved his gun at Mr. Krick. (*Id.* at 13.)

When reviewing this evidence in the light most favorable to the Commonwealth, as verdict winner, we find that the Commonwealth sufficiently proved beyond a reasonable doubt that appellant either knowingly, intelligently, or recklessly carried a firearm without a license in his vehicle. Accordingly, appellant's first issue is without merit.

In his second issue, appellant alleges that his conviction of firearms not to be carried without a license was against the weight of the evidence, and that the trial court abused its discretion when it failed to overturn the jury's verdict. (Appellant's brief at 26.)

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

>> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must

> be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.
>
> *Commonwealth v. Clay*, [], 64 A.3d 1049, 1055 ([Pa.] 2013) (internal citations omitted).

*Commonwealth v. McClelland*, 204 A.3d 436, 447 (Pa.Super. 2019), *appeal denied*, 217 A.3d 214 (Pa. 2019). Further, it is axiomatic in this Commonwealth that credibility determinations are in the sole purview of the jury, who is free to believe all, none, or some of the evidence presented. *Commonwealth v. Cramer*, 195 A.3d 594, 600 (Pa.Super. 2018), citing *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016). "Resolving contradictory testimony and questions of credibility are matters for the factfinder." *Id.*, quoting *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa.Super. 2000).

Here, appellant raises the argument that his "testimony was credible when he stated that he did not realize that the gun was there prior to [Mr. Krick's] interaction with him." (Appellant's brief at 27-28.) As noted above, credibility determinations are in the sole purview of the jury, and we cannot substitute our own credibility determinations for that of the jury. *See Commonwealth v. Fortson*, 165 A.3d 10, 16 (Pa.Super. 2017), *appeal*

*denied*, 174 A.3d 558 (Pa. 2017), citing *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) (citation omitted).

Appellant also argues that because the jury did not convict him of terroristic threats and disorderly conduct, "it can be inferred that the jury believed that [a]ppellant did pick the gun up, but it does not show beyond a reasonable doubt that he knew that the firearm was there prior to that moment, which was the assertion made by [Mr. Krick]." (Appellant's brief at 28.) Put another way, appellant's weight of the argument relies upon the fact that the jury reached an inconsistent verdict.

Our supreme court has held the following relating to inconsistent verdicts:

> While recognizing that the jury's verdict appears to be inconsistent, we refuse to inquire into or to speculate upon the nature of the jury's deliberations or the rationale behind the jury's decision. Whether the jury's verdict was the result of mistake, compromise, lenity, or any other factor is not a question for this Court to review. *See* [*Commonwealth v. Campbell*, 651 A.2d 1096, 1100-1101 (Pa. 1994) (discussing *United States v. Powell*, 469 U.S. 57 (1984)]. We reaffirm that an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal. Furthermore, the "special weight" afforded the fact of an acquittal plays no role in the analysis of inconsistent verdicts, because, by definition, one of the verdicts will always be an acquittal.

*Commonwealth v. Miller*, 35 A.3d 1206, 1213 (Pa. 2012).

Accordingly, appellant is not entitled to relief for his weight of the evidence claim.

Next, appellant avers that his firearms not to be carried without a license conviction was improperly graded as a third-degree felony because the sentencing court, and not the jury, "determined that this grading was appropriate based upon the testimony at trial." (Appellant's brief at 30.) Appellant further argues that while testimony was offered that appellant was only 19 years of age at the time of the incident at issue, "the jury was not instructed to make a finding that [a]ppellant was ineligible to obtain a license to carry a firearm." (*Id.* at 30-31.) Appellant ultimately concludes that he "was subjected to a higher sentence based upon a finding of ineligibility, this is a fact that must go before the jury to determine." (*Id.* at 31, citing *Alleyne v. United States*, 570 U.S. 99 (2013).)

> In [*Commonwelath v. Bavusa*, 832 A.2d 1042 (Pa. 2003)], our Supreme Court held that the existence of mitigating factors permitting a lesser grade of an offense does not impose upon the Commonwealth an additional evidentiary burden of negating that mitigating factor to obtain a conviction of the more severe grade of the same offense.
>
> [*Commonwealth v. Norley*, 55 A.3d 26, 530 (Pa.Super. 2012)] (citing *Bavusa*, 832 A.2d at 1052).
>
> In *Bavusa*, the statute at issue was 18 Pa.C.S.A. § 6106(a) (carrying a concealed firearm without a license). Under Section 6106(a)(1) generally, a person who carries a concealed firearm without a valid license commits a felony of the third degree.

- 10 -

> However, that same subsection notes an exception for a person otherwise eligible to possess a license if that person has not committed any other criminal violation. In that case, the person commits a misdemeanor of the first degree rather than a felony of the third degree. ***See*** 18 Pa.C.S.A. § 6106(a)(2). The Supreme Court ruled that "the availability in subsection (2) of a downgrade from third degree felony to first degree misdemeanor if certain 'personal status factors' exist (license eligibility and never having committed any other crime) does not create new elements of the crime in question (carrying a concealed firearm)." ***Norley***, 55 A.3d at 530 (citing ***Bavusa***, 832 A.2d at 1055). To be convicted of the crime, the Commonwealth must show that the individual carried an unlicensed concealed firearm. "The 'personal status factors' are not elements of the crime, but are instead grading factors." ***Id.***

***Commonwealth v. Hodges***, 193 A.3d 428, 433-434 (Pa.Super. 2018), ***appeal denied***, 202 A.3d 40 (Pa. 2019).

Here, as noted by the trial court—and as conceded by appellant—appellant was 19 years of age at the time of the incident in question. Accordingly, he was ineligible to lawfully obtain a license to carry a concealed firearm. ***See*** 18 Pa.C.S.A. § 6109(b) (stating that an individual must be 21 years of age or older to apply for a license to carry a concealed firearm). We, therefore, discern no error on the part of the trial court when it graded appellant's firearms not to be carried without a license conviction as a third-degree felony. Appellant's third issue is without merit.

In his fourth issue, appellant contends that the trial court erred when it determined that appellant's potential character witnesses could be questioned

regarding their knowledge of appellant's pending simple assault charges. (**Id.** at 31.)

The Pennsylvania Rules of Evidence permit a criminal defendant to introduce evidence of his or her character or a pertinent character trait, so long as that evidence is not used to "prove that on a particular occasion the person acted in accordance with the character or trait." Pa.R.E. 404(a)(1). Such evidence may be proven by testimony about the person's reputation. Pa.R.E. 405(a). As this court further explained:

> In a criminal case, the defendant may offer character witnesses to testify as to that defendant's reputation in the community regarding a relevant character trait. **See** Pa.R.E. 404(a)(1); 405(a). Of course, the Commonwealth may attempt to impeach those witnesses. **Commonwealth v. Hoover**, 16 A.3d 1148, 1149 (Pa.Super. 2011) (citing **Commonwealth v. Morgan**, [] 739 A.2d 1033, 1035 ([Pa.] 1999)). "For example, when cross-examining character witnesses offered by the accused, the Commonwealth may test the witnesses' knowledge about specific instances of conduct of the accused where those instances are probative of the traits in question." **Hoover**, 16 A.3d at 1149-1150 (citing Pa.R.E. 405(a)). However, the Commonwealth's right to cross-examine character witnesses is not unlimited: the Commonwealth may not cross-examine a character witness about a defendant's uncharged criminal allegations, **Morgan**, 739 A.2d at 1035-1036, or a defendant's arrests that did not lead to convictions. **Commonwealth v. Scott**, [] 436 A.2d 607, 611-612 ([Pa. 1981).

**Commonwealth v. Kuder**, 62 A.3d 1038, 1057-1058 (Pa.Super. 2013), **appeal denied**, 114 A.3d 416 (Pa. 2015); **see also** Pa.R.E. 405(a)(2) ("In a criminal case, on cross-examination of a character witness, inquiry into

allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible.").

Here, the record reflects that appellant intended to introduce character evidence pertaining to appellant's reputation in the community for nonviolence, law-abidingness, peacefulness, and honesty. (Notes of testimony, 7/11/19 at 84.) Appellant raised an oral motion *in limine* in which he sought to preclude the Commonwealth from inquiring as to pending criminal charges[3] during its cross-examination of appellant's character witnesses. (*Id.* at 6.) The Commonwealth argued that "those allegations absolutely are something that it would be within [its] right to question a witness who's stating that he has a reputation for non-violence and law-abidingness about." (*Id.* at 85.) The trial court agreed with the Commonwealth, stating that, "While I agree it may be less probative, I believe if it's character testimony and, therefore, reputation in the community, some limited questions could be asked as to whether there is an awareness of any other allegations." (*Id.* at 85-86.) During his case-in-chief, appellant's counsel noted that he had elected not to call any character witnesses as the result of the trial court's ruling on his motion *in limine*, stating as follows:

> Your Honor, we had intended to call some character witnesses and that had been our intention at the outset of this being listed for trial, but I just wanted

---

[3] Appellant was charged with simple assault as a result of an alleged domestic incident. (*Id.* at 84-85.) At the time of trial in the instant matter, appellant averred that he had not yet had a preliminary hearing on the simple assault charge. (*Id.* at 85; *see also* Commonwealth's brief at 15.)

> to put it on the record in view of Your Honor's rulings because of the new pending charges and the intricacies of interpreting from the Spanish language and the danger of opening the door was too great, so I decided not to call them. And I explained that to [appellant,] and he understands that and that's why we're not calling those witnesses, but they were here and we had planned on doing so.

*Id.* at 105.

Based on our review of the record and the relevant rules and case law, we find that the trial court abused its discretion when it denied appellant's motion *in limine* seeking to preclude the Commonwealth from raising criminal allegations that had not resulted in a conviction during cross-examination. Indeed, the plain language of Pa.R.E. 405(a)(2) explicitly states that, "inquiry into allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible." *Id.*; *see also Kuder*, 62 A.3d at 1057-1058.

Our inquiry, however, cannot end here. Indeed, the Commonwealth maintains that any error on the part of the trial court relating to this issue was harmless. (*See* Commonwealth's brief at 16-17.) Our supreme court has defined harmless error as follows:

> The doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt. Its purpose is premised on the well-settled proposition that a defendant is entitled to a fair trial but not a perfect one.

*Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa. 2012), *cert. denied sub nom. Allshouse v. Pennsylvania*, 569 U.S. 972 (2013), quoting *Commonwealth v. Thornton*, 431 A.2d 248, 251 (Pa. 1981) (quotation marks and brackets omitted).

As noted by the trial court,

> [T]he presentation of a peaceful character or law abidingness is not relevant to the issue of intentional possession of a weapon in the car which [is] at issue for the sole count on which [appellant] was convicted. By returning a guilty verdict on this count, while rendering not guilty verdicts on others, and after being instructed on what it means to act intentionally or knowingly, the jury made both credibility and factual determinations showing they believed [appellant] knew the gun was in the car.

Trial court opinion, 11/4/19 at unnumbered pages 11-12.

Accordingly, we find that any error on the part of the trial court in denying appellant's motion *in limine* was harmless, as appellant was not convicted of any offenses where the character evidence at issue would have been relevant and admissible. Appellant, therefore, is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2020

- 15 -